**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tito PEREZ, Jr., Defendant-Appellant.**

No. 87–2073.

United States Court of Appeals,
Fifth Circuit.

July 24, 1987.

Fred Galindo, Brownsville, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., Brownsville, Tex., Susan L. Yarbrough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, JOHNSON, and HILL, Circuit Judges.

GEE, Circuit Judge:

Perez challenges the admission against him of hearsay statements made by his criminal co-conspirators in a drug ring, contending that our *James* test for the admission of such evidence was wrongly applied. *United States v. James,* 590 F.2d 575 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). Since he took his appeal, however, the tide has swept *James* away. We affirm.

Questions of admissibility aside, the evidence at trial told this story: Defendant Perez was arrested in a reverse sting operation for purchasing marijuana. The evidence established no link between Perez'

marijuana offense and his alleged co-conspirators[1] in the present case involving a cocaine offense. Perez had used cocaine during the marijuana purchase and had cocaine on his person when arrested.

At the time of Perez' arrest, a telephone pager was seized. The pager registered telephone number 541–7559 as that of a persistent caller to Perez. Also, while in jail, Perez had written the same number on a piece of paper. The day after Perez' arrest, Officer Rodriguez telephoned the 541–7559 number, posed as "Hector," and claimed to call for Perez because Perez was unavailable. One Gilardo Arrias answered Rodriguez' call. During the call, Arrias complained that he'd called Perez unsuccessfully a number of times and mentioned that he had the "things" that Perez had ordered. Nevertheless, the substance of this conversation between Rodriguez and Arrias seems not to have concerned these "things." Instead, Officer Rodriguez was trying to effectuate another reverse sting operation by interesting Arrias in a marijuana purchase.

Rodriguez then sent Officers Chavez and Dubois to show Arrias a marijuana sample. During this meeting, Arrias said that they had first to take care of the "things"—that is, the cocaine—which Perez had ordered. That morning there were two more telephone calls between Arrias and Officer Rodriguez, and a second meeting between Arrias and Officers Chavez and Dubois. At the meeting, after Arrias delivered to Officer Chavez 768.6 grams of ninety-four percent (94%) cocaine with a street value of $204,800 in exchange for $30,000, he was arrested. During the entire time of the three calls, two meetings, and delivery of the cocaine, defendant Perez was in police custody.

Perez was indicted on two counts: (1) conspiracy to possess with intent to distribute the cocaine Arrias had sold to Officer Chavez and (2) possession with intent to distribute that same cocaine. Trial was to the bench. Over timely objection, alleged co-conspirator Arrias' statements implicating defendant Perez were offered both (1) as tape-recordings of the three telephone calls between Arrias and Rodriguez and (2) through officer testimony and received in evidence.[2]

The court convicted Perez on the conspiracy count and acquitted him on the possession count. Perez appeals, challenging the *James* ruling.

 Although that ruling seems likely a correct one, we need not decide. Under *James*, the status of the hearsay declarant as a partner in crime of the person against whom his statement was offered was required to be established by a preponderance of evidence other than the offered statement itself. Last month, the Supreme Court handed down its decision in *Bourjaily v. United States*, — U.S. —, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), which holds that the offered statement itself can properly be considered along with the other evidence in determining whether the hearsay declarant was the defendant's co-conspirator. This effectively abolishes our *James* constraints; and, when Arrias' declarations are added to the other evidence of his relationship to Perez, there can be little doubt that they were co-conspirators—assuming there was any before.

AFFIRMED.

---

1. That is, principally, Gilardo Arrias, to be introduced shortly.

2. The court carried the objection throughout the trial as to both forms of the evidence showing Arrias' implicating statements. At trial's end, the court ruled that it would admit evidence of Perez' extrinsic marijuana offense under Federal Rule of Evidence 404(b); *see generally United States v. Beechum*, 582 F.2d 898 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), as substantive evidence of Perez' intent in the instant cocaine offense. It then ruled that this extrinsic offense evidence satisfied the requirements of *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), and that Arrias' implicating statements were therefore admissible under Federal Rule of Evidence 801(d)(2)(E), which provides that a "statement is not hearsay if" the "statement is offered against a party and is ... a statement by a co-conspirator of a party during the course and in furtherance of conspiracy."